898 F.2d 144
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank CLEMENTS-EL, Plaintiff-Appellant,
v.
Charles E. THOMPSON, Warden; Lt. West; Mr. Daniels,
Defendants-Appellees.
 No. 89-6837.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1989.
Decided: Feb. 28, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (C/A No. 89-489-AM)
 Frank Clements-El, appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before PHILLIPS, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Frank Clements-El appeals the district court's order dismissing this 42 U.S.C. Sec. 1983 action for failure to demonstrate administrative exhaustion. Acting pursuant to 42 U.S.C. Sec. 1997e, the district court ordered appellant to exhaust administrative remedies and to advise the court within 90 days of the result of the administrative proceedings. It warned appellant that failure to advise the court regarding exhaustion would result in dismissal of the action. The district court dismissed the case without prejudice upon expiration of the 90-day period, appellant not having complied with its order.
 
 
 2
 Although the district court could properly require exhaustion of administrative remedies under 42 U.S.C. Sec. 1997e, we believe that the record in this case contained sufficient evidence of exhaustion at the time the complaint was filed such that the court should have proceeded to consideration of appellant's motion for leave to proceed in forma pauperis. Clements-El submitted with his complaint a copy of the grievance form setting forth the claim. The form shows responses through Level II. Clements-El appealed the Level II decision. Although there is no response to his Level III appeal the form shows that he appealed to Level III on December 27, 1988. The form states that a response to the Level III appeal was to be completed within 20 calendar days. Clements-El's complaint was filed in March 1989, well after the 20-day period for responding to the Level III appeal. Apparently the Regional Administrator chose not to respond to the appeal.
 
 
 3
 Clements-El has sufficiently demonstrated exhaustion of administrative remedies. The district court's dismissal of the action when Clements-El failed to provide any additional evidence of exhaustion was improper.* We therefore vacate the judgment below and remand for further proceedings. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and the decisional process would not be significantly aided by oral argument.
 
 
 4
 VACATED AND REMANDED.
 
 
 
 *
 Although not dispositive in this appeal we note that Clements-El states in his notice of appeal that he never received a copy of the court's order requiring proof that he had exhausted his administrative remedies